### ESTATE OF ELIZABETH R. CHAPPELLE, DECEASED.

[No. 3495; decided August 28, 1884.]

Trustee — Accounting to Probate Court.— One who is the trustee of a person since deceased, under an express trust voluntarily assumed in the lifetime of the decedent, cannot, by virtue of the Code of Civil Procedure, section 1461, be ordered to account before the court wherein the administration of the decedent's estate is pending.

In the above-entitled matter, John P. Poole, the administrator of the estate, presented to the court, and filed on August 5, 1884, a petition showing that the decedent, on January 15, 1882, placed in trust with H. L. Hutchinson, of San Francisco, the sum of $5,200; that the petitioner had in his possession a written instrument showing this, and annexed to the petition as an exhibit a copy of the aforesaid instrument, which was in the following language:

"San Francisco, January 15, 1882.

"Received of Mrs. Lizzie R. Chappelle, fifty-two hundred dollars ($5,200), in trust, and for investment for her account.

"H. L. HUTCHINSON."

The petition prayed that the said Hutchinson be ordered to make answer, and render an account. Citation was issued upon the petition, and thereafter an answer was filed by Hutchinson, setting up that the petition and citation were

insufficient to justify a grant of the relief prayed for. Upon the hearing of the matter, counsel for Mr. Hutchinson moved to dismiss the petition, on the ground that the proceeding was not authorized by law; that the petition was based on section 1461 of the Code of Civil Procedure, which section referred to a party holding property in trust for an administrator or executor; but that this could not apply to one receiving money from a decedent in his lifetime. For the petitioner it was claimed that, as Hutchinson held the money in trust for Mrs. Chappelle in her lifetime, he became a trustee for her administrator upon the latter's appointment. The court, after hearing argument, suggested that the proceeding was not a proper one; subsequently, on August 28, 1884, a written dismissal of the petition was filed by the attorneys for the administrator. The following is the text of section 1461, Code of Civil Procedure, viz.:

"The Superior Court, or a Judge thereof, upon the complaint, on oath, of any executor or administrator, may cite any person who has been intrusted with any part of the estate of the decedent to appear before such Court, and require him to render a full account, on oath, of any moneys, goods, chattels, bonds, accounts, or other property or papers belonging to the estate, which have come to his possession in trust for the executor or administrator, and of his proceedings thereon; and if the person so cited refuses to appear and render such account, the Court may proceed against him as provided in the preceding section" (which section provides that a party may be committed to jail for failure to respond to a citation).

Thornton & Merzbach, for petitioner.

T. C. Coogan, contra.

COFFEY, J. Petition dismissed.